RENDELL, Circuit Judge,
dissenting:
I am pleased to join in my colleague’s excellent dissenting opinion, and I write separately only to go one step further than she did with respect to the application of the Rule 403 balancing test. I submit that the probative value of a guilty plea is not just negligible, but nil. At the same time, given the unique setting of this case, there is not merely a danger of prejudice, but the prejudice is obvious and real.
The majority seems to be saying that relevance is equated to whatever the jury might like to know, which I believe is precisely how the District Court viewed the issue. How is our ruling any different from letting the prosecution introduce a witness’s Boy Scout badges and lie detector results on direct examination because a jury may wonder if the witness is telling the truth? Why should we concern ourselves that the jury may wonder about credibility and selective prosecution? What relevance do they have to the government’s case? I submit that they have absolutely none.
Even if credibility and selective prosecution were somehow relevant to the government’s case, the prosecution could satisfy the jury’s curiosity as to these issues just as easily by engaging in the following exchange with the witness:
Question: Are you being prosecuted by the government?
(Response: Yes.)
Question: Have you admitted that you were involved in the events about which you are testifying?
(Response: Yes.)
This line of questioning addresses credibility and selective prosecution while it leaves open the crucial question of guilt of the offense charged, which is the most dangerous aspect of the admissibility of a guilty plea in this unique setting. Under the facts of this case, the defendants do not deny that they participated in the same conduct as the witness. They contend, however, that this conduct was not a crime. When another participant testifies that she admitted her guilt of the offense, she not only tells the jury that “what we did is a crime,” but she also says “I owned up to it; why won’t the defendants? Why are they putting you through a trial when we are guilty?” The probable prejudice in a case such as this is immense and far outweighs the relevance, especially because the relevance, I submit, is illusory.